People v Dolder (2019 NY Slip Op 06025)





People v Dolder


2019 NY Slip Op 06025


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

110473

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DRAKE C. DOLDER, Appellant.

Calendar Date: June 21, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (Katherine Ehrlich of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Fulton County (Sira, J.), rendered May 22, 2018, convicting defendant upon his plea of guilty of the crimes of criminal mischief in the third degree and escape in the third degree and the violation of driving while ability impaired by alcohol.
Defendant agreed to waive indictment and plead guilty to a superior court information charging him with criminal mischief in the third degree, driving while ability impaired by alcohol and escape in the third degree. The plea agreement, which also satisfied other pending charges in two local courts, required defendant to waive his right to appeal. Following defendant's guilty plea, County Court — consistent with the terms of the plea agreement — sentenced defendant as a second felony offender to a prison term of 1½ to 3 years upon his criminal mischief conviction, to time served upon his conviction of driving while ability impaired by alcohol and to a one-year period of incarceration upon his escape conviction — all terms to be served concurrently. This appeal ensued.
We agree with defendant that his waiver of the right to appeal was invalid. County Court's brief colloquy with defendant, wherein the court advised defendant that he could challenge his conviction "in a higher court," was insufficient to apprise defendant of the separate and distinct nature of the waiver of the right to appeal and to ensure that defendant understood the appellate rights that he was relinquishing (see People v Cook, 171 AD3d 1361, 1361 [2019]; People v Mitchell, 166 AD3d 1233, 1233 [2018], lv denied 33 NY3d 979 [2019]; People v Mallard, 163 AD3d 1350, 1350-1351 [2018], lv denied 32 NY3d 1066 [2018]). Although defendant also executed a written waiver of appeal, "County Court failed to ascertain whether defendant had read the waiver, understood its contents and/or had discussed the ramifications thereof with counsel" (People v Pittman, 166 AD3d 1243, 1244 [2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 1176 [2019]; accord People v Mitchell, 166 AD3d at 1234; see People v Nealon, 166 AD3d 1225, 1225 [2018]). As the waiver of appeal is invalid, defendant is not precluded from challenging the perceived severity of his sentence (see People v [*2]Cook, 171 AD3d at 1361; People v Mitchell, 166 AD3d at 1234). However, upon reviewing the record, "we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice" (People v Nealon, 166 AD3d at 1226; see People v Cook, 171 AD3d at 1361-1362). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.